**U.S. Department of Justice**

*United States Attorney*
*Northern District of Ohio*

*United States Court House*
*801 West Superior Avenue, Suite 400*
*Cleveland, Ohio 44113-1852*

March 2, 2023

Ms. Deborah S. Hunt, Clerk
United States Court of Appeals
for the Sixth Circuit
524 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202-3988

Re: Rule 28(j) Letter in *United States v. Timothy Beard*, Case No. 22-3398

Dear Ms. Hunt:

This is a response to Defendant-Appellant Timothy Beard's letter dated February 2, 2023. *See* Fed. R. App. P. 28(j).

The government agrees that, following *United States v. White*, 58 F.4th 889 (6th Cir. 2023), 2023 WL 1234398 (6th Cir. Jan. 31, 2023), Beard's Ohio Revised Code § 2911.01(A)(1) aggravated robbery conviction no longer qualifies as a crime of violence under the Sentencing Guidelines' force/elements clause.

That concession, however, does not resolve this case. State convictions can qualify as crimes of violence under the Sentencing Guidelines in a second way: under the enumerated-offenses clause. Unlike the Armed Career Criminal Act, which does not include robbery as an enumerated offense, the Guidelines include "robbery" and "extortion" as enumerated offenses. *White* governs only the question whether Beard's conviction qualifies as a crime of violence under the Guidelines' force/elements clause; it does not govern the separate question whether Beard's conviction qualifies under the enumerated-offenses clause.

As the government argued, Beard's Ohio aggravated robbery conviction qualifies as generic "robbery" under the Guidelines' enumerated-offenses clause.

(Doc. 27: Appellee's Br., Pages 25-30). Separately, for reasons similar to those discussed in the government's brief in *United States v. Carter*, No. 22-3699, Doc. 22, Pages 33-36 (6th Cir. Feb. 8, 2023), Beard's Ohio aggravated robbery conviction also qualifies as "extortion" under the enumerated-offenses clause.

Finally, although Beard argues that the definition of generic robbery directly corresponds with the definition used by a majority of the states, and does not also incorporate "the definition followed by only 10 of the 50 states," (Doc. 31: Appellant's 28(j) Letter, Page 2-3; Doc. 29: Appellant's Reply Br., Page 14), that argument runs afoul of this Court's decision in *United States v. Brown*, 957 F.3d 679 (6th Cir. 2020), which explains why the generic version of a crime must be broad enough to incorporate formulations used by even relatively small minorities of "several" states. *See id.* at 686-89; *see also Carter* Brief, Pages 17-20, 30-33.

Beard's Ohio aggravated robbery conviction is still a crime of violence under the Guidelines' enumerated-offenses clause—as "robbery" (or "extortion" or both)—even after *White*, so this Court should affirm Beard's sentence.

Sincerely,

MICHELLE M. BAEPPLER
First Assistant United States Attorney

/s/ Adam J. Joines
Assistant United States Attorney
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
Telephone No.: (216) 622-3929
E-mail: Adam.Joines@usdoj.gov

Counsel for Plaintiff-Appellee

## CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION

I hereby certify that the foregoing contains 350 words according to the word-counting feature of Microsoft Word for Office 365 and complies with this Court's 350-word limitation for letters filed under Federal Rule of Appellate Procedure 28(j).

/s/ Adam J. Joines
Adam J. Joines
Assistant United States Attorney