UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 22-3398 |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| *v.* | ) | |
| | ) | |
| TIMOTHY BEARD, | ) | APPELLEE'S RESPONSE TO MOTION TO STRIKE AND MOTION FOR PERMISSION TO FILE SUPPLEMENTAL LETTER BRIEFS |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Plaintiff-Appellee, the United States of America, through undersigned counsel, files this response to Defendant-Appellant's Motion to Strike (Doc. 33), and further, respectfully requests permission to file supplemental letter briefs more fully addressing whether Ohio aggravated robbery convictions under Ohio Revised Code § 2911.01(A)(1) qualify as Sentencing Guidelines crimes of violence following this Court's recent decision in *United States v. White*, 58 F.4th 889 (6th Cir. 2023).

Since this appeal was docketed, the United States has sought to conserve judicial resources and avoid potential inconsistencies. Recognizing that the first issue in this appeal—whether Ohio aggravated robbery convictions under Ohio Revised Code § 2911.01(A)(1) qualify as crimes of violence under the Guidelines'

*force/elements clause*—would be governed by this Court's decision in *White*, the United States filed a motion to hold briefing in abeyance pending that opinion. *See* (Doc. 17: Gov't Motion to Hold Briefing in Abeyance). In that motion, the United States noted that, at the time Beard filed his appeal, *White* had already been briefed and argued. (*Id.*, Page 2–3). It noted that a decision in *White* would resolve the first issue in the appeal, and perhaps the entire appeal. (*Id.*). The United States proposed that the parties would then be able to fully brief, only if necessary, the separate issue of whether Beard's Ohio aggravated robbery conviction separately qualified under the Guidelines' *enumerated-offenses clause*. (*Id.*, Page 3–4). Although this Court denied that motion, it did so without prejudice "to future filing of an additional citation, if appropriate, and/or renewal of this request before the ultimate merits panel." (Doc. 20-2: Order, Page 1).

In the ten months since Beard filed his appeal, the relevant legal landscape has shifted significantly. While the merits briefing in this appeal was ongoing, binding Sixth Circuit precedent held that Ohio aggravated robbery convictions under Ohio Revised Code § 2911.01(A)(1) *did* qualify as crimes of violence under the Armed Career Criminal Act's and Guidelines' force/elements clause. *See United States v. Patterson*, 853 F.3d 298, 303 (6th Cir. 2017). The United States thus focused its briefing primarily on the force/elements clause in Guideline

§4B1.2(a)(1). *See* (Doc. 27: Appellee's Br., Pages 20–31). As a fallback, it also argued that the statute fell within the scope of "generic robbery," and thus also satisfied the Guidelines' enumerated offense clause, §4B1.2(a)(2), in that way. (*Id.*, Pages 31–36).

In *White*, this Court deviated from *Patterson*'s holding and held that Ohio aggravated robbery convictions under Ohio Revised Code § 2911.01(A)(1) *did not* qualify as crimes of violence under the Armed Career Criminal Act's force/elements clause, thus depriving the government of its primary argument. *See White*, 58 F.4th at 895–96, 897. In *White*'s aftermath, the United States has conducted significant additional research regarding its fallback argument that Ohio aggravated robbery convictions under Ohio Revised Code § 2911.01(A)(1) qualify as crimes of violence under the Guidelines' enumerated-offenses clause. It is the United States' position, based on its additional research, that in addition to qualifying as "generic robbery," such convictions also qualify under the same enumerated-offenses clause via the Guidelines' definition of "extortion."

Again seeking to conserve judicial resources and avoid potential inconsistencies, the United States filed a Rule 28(j) letter—as this Court previously invited it to do—responding to Beard's Rule 28(j) letter regarding *White*. In its letter, the United States conceded that *White* resolved the first issue in this appeal,

provided an additional citation relevant to the second issue, and briefly informed the Court about another basis on which it could affirm the district court's judgment—that Beard's Ohio aggravated robbery conviction qualifies as Guidelines "extortion." (Doc. 32: Gov't Rule 28(j) Letter). Although the United States has all along argued that Beard's Ohio aggravated robbery conviction is a crime of violence under the Guidelines' enumerated-offenses clause (Doc. 27: Appellee's Br., Pages 31-36), it had not previously pointed to that clause's inclusion of extortion in addition to generic robbery.

To the extent the United States' single sentence informing the Court about another basis on which it could affirm the district court's judgment does not fall within this Court's order inviting it to file a Rule 28(j) letter after *White* (Doc. 20-2), the United States requests leave to file an additional letter brief more fully addressing its enumerated-offenses-clause arguments.

Further letter briefing is appropriate here, for two reasons. First, the significant shifts in this Court's caselaw since the merits briefing in this appeal was completed (discussed above) warrant more-complete briefing on the secondary, and now deciding, issue addressed in this appeal.

Second, the Court has long recognized that it has a special obligation in criminal cases to address and reach the correct result, even when the government

belatedly raises an argument. *United States v. Jones*, 53 F.4th 414, 417 (6th Cir. 2023) (Even in cases of "obvious forfeiture[s]" by the government, "courts have an independent obligation to get the law right in criminal cases." (citing *Young v. United States*, 315 U.S. 257, 258–59 (1942))). Here, the United States became aware of an additional basis for affirming the district court's judgment while briefing a separate appeal that raises similar issues concerning another Ohio robbery statute. *See United States v. Camp*, 903 F.3d 594, 602 (6th Cir. 2018) ("even if a robbery statute is broader than generic robbery, it may be a categorical match with . . . extortion"); *see also* Brief for United States, *United States v. Carter*, No. 22-3699, Doc. 22, Pages 33-36 (6th Cir. Feb. 8, 2023). Under this Court's caselaw, "[a] decision below must be affirmed if correct for any reasons, including a reason not considered by the lower court." *United States v. Childs*, 539 F.3d 552, 559 (6th Cir. 2008) (citation omitted); *see also Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011) (Gorsuch, J.) (appellate courts "treat arguments for *affirming* . . . district court[s] differently than arguments for *reversing*" them to avoid "command[ing] do-overs" where the lower court reached the correct result). More thorough briefing on the enumerated-offenses-clause arguments would assist the Court in ensuring that it both gets the law right in this case and affirms the district court on any available basis.

If the Court declines to grant the parties leave to file letter briefs more thoroughly addressing the enumerated-offenses-clause arguments, and if it disagrees with the government's previously-briefed assertion that Ohio aggravated robbery convictions under Ohio Revised Code § 2911.01(A)(1) are a categorical match for generic robbery, the United States then asks the Court *either* to affirm on the alternate basis that such Ohio aggravated robbery convictions are a match for Guidelines' extortion *or* to leave that alternate basis for affirming the district court explicitly open for the government to more fully brief in a future case.

Respectfully submitted,

MICHELLE M. BAEPPLER
First Assistant United States Attorney
Northern District of Ohio

By: /s/ Adam J. Joines
Adam J. Joines
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
(216) 622-3929
(216) 522-8355 (facsimile)
Adam.Joines@usdoj.gov

## CERTIFICATE OF COMPLIANCE WITH WORD LIMITATION

I hereby certify that the foregoing contains 1,120 words according to the word-counting feature of Microsoft Word for Office 365 and complies with this Court's 5,200-word limitation for motions and responses.

/s/ Adam J. Joines
Adam J. Joines
Assistant United States Attorney