**NOT RECOMMENDED FOR PUBLICATION**

No. 22-3398

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 22, 2023
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TIMOTHY J. BEARD,

Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

O R D E R

Before: CLAY, WHITE, and LARSEN, Circuit Judges.

Timothy J. Beard, a federal prisoner proceeding through counsel, appeals his judgment of conviction and sentence for possession of a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g). Beard pleaded guilty and at sentencing, the district court applied a Sentencing Guidelines enhancement for prior convictions for crimes of violence. *See* USSG § 4B1.2(a). This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. For the reasons discussed below, we vacate and remand for resentencing.

**BACKGROUND**

Without a plea agreement, Beard pleaded guilty to possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g). The presentence report determined that Beard was subject to an enhanced base offense level of 22 under the 2021 version of USSG § 2K2.1(a)(3) because his offense involved a firearm "capable of accepting a large capacity magazine" and his prior felony conviction for aggravated robbery under Ohio Revised Code § 2911.01(A)(1) is a "crime of violence" as defined by the Guidelines. *See* USSG § 4B1.2(a). The adjusted offense level, also 22, was reduced by three under USSG § 3E1.1 for acceptance of responsibility. The

total offense level of 19 combined with Beard's Category IV criminal history score for a recommended sentencing range of 46 to 57 months in prison.

At sentencing, Beard objected to the enhanced base offense level of 22, arguing that his Ohio conviction for aggravated robbery is not a crime of violence in view of *Borden v. United States*, 141 S. Ct. 1817 (2021). *Borden* held that a "violent felony" as defined by the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), does not include an offense with a reckless mens rea because such offense does not require, "as ACCA does, the active employment of force against another person." 141 S. Ct. at 1834. The district court overruled Beard's objection and adopted the presentence report after amendment to correct a typographical error and without any other objections by the parties. After considering the parties' arguments, Beard's allocution, the advisory Guidelines range, and the relevant sentencing factors in 18 U.S.C. § 3553(a), the district court sentenced Beard to serve 46 months in prison followed by three years of supervised release.

On appeal, Beard challenges the district court's conclusion that his Ohio conviction for aggravated robbery "is a crime of violence under the guidelines." (Appellant's Br., pp. 8–15). He argues that an Ohio aggravated robbery conviction under § 2911.01(A)(1) does not qualify as a crime of violence under either the "elements clause" or the "enumerated-offenses clause" of the "crime of violence" definition in § 4B1.2(a). Beard moves for judicial notice of his Ohio indictment for aggravated robbery and has filed an additional citation, pointing to our recent decision in *United States v. White*, 58 F.4th 889 (6th Cir. 2023). The government responded in opposition to Beard's additional citation. Beard moves to strike a new argument raised in the government's response, and the government moves to file supplemental letter briefs. Beard replied to the government's response and opposes supplemental letter briefing.

**STANDARD OF REVIEW**

"We review de novo a district court's determination that a crime constitutes a crime of violence under the Guidelines." *United States v. Butts*, 40 F.4th 766, 770 (6th Cir. 2022). A "crime of violence" is defined by the Guidelines as a federal or state offense punishable by more than one year in prison that (1) "has as an element the use, attempted use, or threatened use of physical force against" another person, or (2) is "murder, voluntary manslaughter, kidnapping, aggravated

assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)." § 4B1.2(a). The first subsection is referred to as the "elements clause," and the second subsection is referred to as the "enumerated-offenses clause." *Butts*, 40 F.4th at 769. "Because the text of the ACCA and Guidelines elements clauses are identical, we typically interpret both elements clauses 'the same way.'" *United States v. Burris*, 912 F.3d 386, 392 (6th Cir. 2019) (en banc) (quoting *United States v. Harris*, 853 F.3d 318, 320 (6th Cir. 2017)).

**ANALYSIS**

The Ohio aggravated robbery statute at issue states that

> No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
>
> (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it.

Ohio Rev. Code § 2911.01(A)(1). "Ohio case law holds that there is no culpability requirement for the force element of aggravated robbery" under § 2911.01(A)(1). *White*, 58 F.4th at 897; *see State v. Lester*, 916 N.E.2d 1038, 1044 (Ohio 2009) ("We are persuaded that the General Assembly, by not specifying a mens rea in [Revised Code §] 2911.01(A)(1), plainly indicated its purpose to impose strict liability as to the element of displaying, brandishing, indicating possession of, or using a deadly weapon.").

As the government concedes, *White* is dispositive of Beard's elements-clause argument. In *White*, we held that, after *Borden*, an Ohio aggravated robbery conviction under § 2911.01(A)(1) does not qualify as a violent felony under the ACCA because "there is no mens rea requirement applicable to a defendant's displaying, brandishing, indication of possession of, or use of a deadly weapon in committing, attempting to commit, or fleeing from the underlying theft offense." 58 F.4th at 899. Like White, Beard was convicted of a § 2911.01(A)(1) aggravated robbery and his indictment generally refers to Ohio Revised Code § 2913.01 without revealing

which underlying theft offense served as the predicate for his conviction. *See id.* at 897. When reference to the *Shepard*[1] documents supporting the underlying theft offense does not reveal which underlying theft offense served as the predicate for the aggravated-robbery conviction, we are left with "§ 2911.01(A)(1) and the absence of a knowing or purposeful mens rea." *Id.* at 897-98. Therefore, it follows that Beard's Ohio conviction for aggravated robbery under § 2911.01(A)(1) does not qualify as a crime of violence under the elements clause of the Guidelines post-*Borden* given our similar treatment of the elements clauses in the ACCA and the Guidelines. *See White*, 58 F.4th at 897-99; *Burris*, 912 F.3d at 392.

Next, Beard argues that his § 2911.01(A)(1) conviction is not a crime of violence under the enumerated-offenses clause because § 2911.01(A)(1) aggravated robbery is broader than the generic definition of robbery. To determine whether Beard's aggravated robbery conviction satisfies the enumerated offense of robbery, we apply the categorical approach and assess whether the elements of an Ohio aggravated robbery conviction under § 2911.01(A)(1) "are the same as, or narrower than, those of the generic offense" of robbery. *Descamps v. United States*, 570 U.S. 254, 257 (2013). If the elements of Ohio aggravated robbery criminalize more conduct than the elements of generic robbery, then Ohio aggravated robbery does not qualify as a crime of violence under the enumerated-offenses clause. *See United States v. Yates*, 866 F.3d 723, 733 (6th Cir. 2017)*; see also Mathis v. United States*, 579 U.S. 500, 504 (2016) (noting that "if the crime of conviction covers any more conduct than the generic offense" then the predicate crime is not an enumerated crime even if the defendant's actual conduct "fits within the generic offense's boundaries.").

As indicated above, this Court's decision in *White* held that Ohio aggravated robbery has **no** mens rea requirement for the force required to commit an aggravated robbery under § 2911.01(A)(1). *White*, 58 F.4th at 899 ("Ohio law is clear beyond doubt that there is no mens rea requirement applicable to a defendant's displaying, brandishing, indication of possession of, or use of a deadly weapon in committing, attempting to commit, or fleeing from the underlying theft

---

[1] *Shepard v. United States*, 544 U.S. 13, 26 (2005).

offense"). Accordingly, Beard's prior Ohio aggravated robbery convictions will count as crimes of violence under the enumerated offenses clause only if the generic form of robbery similarly does not require a mental state with respect to the force required to commit the robbery—otherwise the Ohio statute criminalizes more conduct than the generic offense.

A specific offense does not "automatically qualify as a crime of violence just because it has the same name as one of the enumerated offenses." *United States v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir. 2012) (citing *Taylor v. United States*, 495 U.S. 575, 588–89 (1990)). To determine the generic definition of a crime, this Circuit has surveyed "how the crime is described across jurisdictions, as well as consult[ed] sources such as the Model Penal Code." *Id.*

This Circuit has thrice adopted a definition of generic robbery holding that it "constitutes the 'misappropriation of property under circumstances involving immediate danger to the person.'" *Yates*, 866 F.3d at 734 (citation omitted); *United States v. Camp*, 903 F.3d 594, 601 (6th Cir. 2018); *Johnson v. United States*, 64 F.4th 715, 722 (6th Cir. 2023) ("'Generic robbery is defined as the misappropriation of property under circumstances involving immediate danger to the person,' with 'immediate danger' generally meaning 'by means of force or putting in fear.'" (quoting *Camp*, 903 F.3d at 601)). In those cases, however, this Court did not set forth with what mental state the defendant must create the danger to the other person, noting only that robbery "requires a confrontation that at the very least implies the threat of violence." *Yates*, 866 F.3d at 733. In *Yates*, the panel acknowledged a slight difference between the approach taken by a majority of states, requiring that property be taken "by means of force or putting in fear"—which suggests a mens rea of purposefulness—with the approach adopted by a minority of states and the Model Penal Code, which reference "bodily injury suffered by or threatened against the victim" and thus suggest a mens rea of recklessness. *See id.* at 733–34 (citation omitted); *see* 1 Wayne R. LaFave, *Substantive Criminal Law* § 20.3(e) (3d ed. 2022) (surveying state "robbery statutes which expressly state that the force must be used for the purpose of committing the theft" and those which take "the position that a reckless infliction of harm will suffice"). So, the robbery statutes in a majority of states require a mens rea of more than recklessness, with a majority requiring purposefulness. *See* Brief for the United States, *Borden v. United States*, No. 19-5410,

n.3 (U.S. June 8, 2020), *available at* 2020 WL 4455245 *18 (surveying minority of states which require a mens rea of recklessness); *see also* 1 LaFave § 20.3(e) Model Penal Code § 222.1; *id.*, Comment at 114 (1980) ("When injury is actually inflicted, even though recklessly, the willingness of the actor to expose the victim to serious harm is sufficiently demonstrated."). Indeed, the government does not argue otherwise. *See* Appellee Br. at 27 (*Yates* and *Camp* rely on the Model Penal Code, which "incorporates a *mens rea* that includes reckless culpability."). Consequently, generic robbery has at least a mental state of recklessness. This Court's primary path for choosing between competing definitions of a crime for purposes of defining a generic crime has focused on the definition used by a majority of states, the approach suggested by the Model Penal Code, as well as taking into account the common law approach. *See Rede-Mendez*, 680 F.3d at 556; *cf. United States v. Brown*, 957 F.3d 679, 685 (6th Cir. 2020) (considering common law approach and approach taken by minority of states in determining scope of generic definition of burglary).

This panel, however, need not decide upon a mens rea for the force element of generic robbery. *White* held that Ohio aggravated robbery § 2911.01.(A)(1) has *no* mens rea requirement as to the force element, and that a Defendant could thus potentially violate the statute by brandishing a gun even negligently. 58 F.4th at 899 ("It requires no flight of legal fancy to conclude that a hypothetical defendant, in committing or attempting to commit a theft offense, or fleeing after either, might display, brandish, indicate possession of, or use a deadly weapon without knowingly or purposely doing so, but only recklessly or negligently, and that the Ohio courts would sustain convictions under § 2911.01(A)(1) under such circumstances."). Consequently, it does not matter whether the generic form of robbery encompasses a recklessness or purposefulness mens rea—either way the Ohio statute criminalizes more conduct than generic robbery.

In sum, because Ohio aggravated robbery under § 2911.01(A)(1) does not include a mens rea requirement, it is broader than generic robbery and does not, therefore, constitute a crime of violence under the enumerated-offenses clause.

In its response to Beard's additional citation under Federal Rule of Appellate Procedure 28(j), the government asserts for the first time that if Ohio aggravated robbery under

§ 2911.01(A)(1) does not meet the definition of generic robbery under the enumerated-offenses clause, then it qualifies as extortion under that clause. Beard moves to strike the government's extortion argument because it was not raised in the government's opening appellate brief. Because the government did not assert an extortion argument in its opening appellate brief or in the district court below, it has either waived or forfeited the issue and may not employ Rule 28(j) to assert the argument now. *United States v. Maliszewski*, 161 F.3d 992, 1015 (6th Cir. 1998) (The defendants failed to raise a challenge "in the district court, or in their briefs to this court. The latter failing would preclude their raising the argument in a Rule 28(j) letter . . . but the district-court forfeiture is an alternative oversight and it is fatal."); *Greer v. United States*, 938 F.3d 766, 770 (6th Cir. 2019) ("When a party neglects to advance a particular issue in the lower court, we consider that issue forfeited on appeal."); *United States v. Jackson*, 918 F.3d 467, 493 (6th Cir. 2019) ("But the government did not advance its . . . theory until after oral argument, in a Fed. R. App. P. 28(j) letter, so we consider it forfeited."); *United States v. Haas*, 35 F. App'x 149, 156 (6th Cir. 2002) ("Rule 28(j) does not permit a party to raise issues or arguments that were not presented in the brief or argued to the court.").

The government's reliance on *United States v. Jones*, 53 F.4th 414, 417 (6th Cir. 2023), to support supplemental letter briefing is misplaced because *Jones* did not involve substantive sentencing arguments, like this case. Rather, *Jones* focused on the proper remedy for an invalid guilty plea, found that the government forfeited the remedy issue on appeal, and held that "a remedy that is contrary to law" could not be ordered even when the government had forfeited the remedy issue. *Id.*

Accordingly, we **GRANT** Beard's motion to take judicial notice, **DENY** as moot Beard's motion to strike and the government's motions for supplemental letter briefing, **VACATE** Beard's sentence, and **REMAND** for resentencing.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk